IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JODY D. KIMBRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  16-cv-1182 |
| | ) | |
| FEDERAL HOUSING FINANCE AGENCY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION & ORDER**

In 2014, Anna Isaacs and Jody Kimbrell brought a civil action before this Court in which they sued Defendants Royal Bank of Canada, RBC Capital Markets Corporation and Anthony J. Giannini for allegedly extending them fraudulent mortgages for a certain piece of real property. (Doc. 20 at 2, No. 14-cv-1036). That case was dismissed because the sole basis for the Court's jurisdiction over the matter was diversity of citizenship as provided by 28 U.S.C. § 1332, but the plaintiffs and defendants were not in fact diverse in citizenship. The Court also noted that the underlying foreclosure state court action was still pending, thus there were abstention implications that the Court did not fully address because the lack of diversity jurisdiction was sufficient to dispose of the action.

Jody Kimbrell, *pro se*, now brings this action against the Federal Housing Finance Agency ("FHFA") for claims arising out the agency's alleged dereliction of its duties that allowed the defendants from the previous case to fraudulently take

Ms. Kimbrell's real property. The Complaint contains the following counts: Count I- Violation of and Failing to Follow the Act outlining Defendant's Purpose Federal Housing Enterprises Financial Safety and Soundness Act of 1992; Count II- Fraudulent Transfer and Seizure Of Property under the Federal Tort Claims Act; Count III- Fraud in the Concealment in Violation of the 2010 Dodd-Frank Wall Street Reform and Consumer Protection Act and Fannie Mae's Code of Conduct; Count IV- Fraud In the Inducement in Violation of Housing Finance Agency Regulations (12 CFR part 1237) and 12 U.S.C. § 4502; Count V- State Law Intentional Infliction of Emotional Distress; Count VI- State Law Slander of Title; and Count VII- State Law Unjust Enrichment. Ms. Kimbrell has also moved the Court for the extraordinary remedies of a temporary restraining order ("TRO") and a preliminary injunction to enjoin the FHFA from operating in a manner inconsistent with its codified operational directives. The Government has responded with opposition to the motion for injunctive relief as well as a Rule 12(b)(6) motion to dismiss the Complaint for failure to state claims for which relief can be granted. Plaintiff has filed an opposition brief to the Government's 12(b)(6) motion. For the reasons given detail below, the Plaintiff's motion (Doc. 4) is denied and the Government's motion (Doc. 8) is granted. The Complaint (Doc. 1) is dismissed.

## LEGAL STANDARDS

A temporary restraining order ("TRO") is an "emergency remedy," which, generally speaking, is used to "maintain the status quo until a hearing can be held on an application for a preliminary injunction." *Crue v. Aiken,* 137 F.Supp.2d, 1076,

1082 (C.D.Ill. 2001). A TRO is therefore a form of preliminary relief used "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortgage Corp. v. Platinum Financial Group, Inc.*, 149 F.3d 722, 726 (7th Cir. 1998). In the Seventh Circuit, the standards for a TRO and a preliminary injunction are functionally identical. *Crue*, 137 F.Supp.2d at 1082–83.

Federal Rule of Civil Procedure 65 provides for the issuance of a TRO with or without notice. Notice was given in this case, but no hearing is necessary to hear the instant motion. In order for a TRO to issue, a party must make a threshold showing that:(1) it has some likelihood of success on the merits;(2) no adequate remedy at law exists; and (3) it will suffer irreparable harm in the interim period prior to final resolution of its claims if the injunction is not granted. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S.A., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008); *Ferrell v. United States Dep't of Housing and Urban Dev.*, 186 F.3d 805, 811 (7th Cir. 1999).

Assuming that the moving party establishes these factors, the Court then "balances the harms" to both of the parties that would result from the TRO using a "sliding scale" analysis, while additionally considering the effect that granting the injunction will have on the public. *Girl Scouts*, 549 F.3d at 1086. If the plaintiff has made a stronger showing that he will be successful on the merits, the balance of harms need weigh less heavily in his favor. *Roland Machinery Co. v. Dresser Indust., Inc.*, 749 F.2d 360, 387 (7th Cir. 1984). However, because the granting of an

injunction is extraordinary relief, a plaintiff is required to make a "clear showing" of the above factors. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient detail to give notice of the claim, and the allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard requires enough facts "to present a story that holds together," but does not require a determination of probability. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Though detailed factual allegations are not needed, a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555.

## DISCUSSION

Plaintiff clearly blames the FHFA for turning a blind eye to the alleged fraudulent misappropriation of her property that she claims occurred through a pending foreclosure process in Illinois state court. However, she does not adequately explain how a TRO or injunction will benefit her personally or immediately. Moreover, as will be explained below, her claims are all either barred by law or seek relief that is disallowed by law. Therefore, her Complaint must be dismissed.

**Count I**

As stated above, the first showing that a plaintiff seeking preliminary injunctive relief must make is that she is likely to succeed on the merits of her suit. Plaintiff cannot make this showing because her claims are without merit. She has

sued the FHFA in a civil action. The FHFA is an independent regulatory agency created by the United States of America to oversee the government sponsored housing enterprises of Fannie Mae, Freddie Mac and the Federal Home Loan Bank System. *See* 12 U.S.C. § 4511. In 2008, the FHFA placed Fannie Mae and Freddie Mac into conservatorship, which essentially means that the United States' Department of the Treasury committed to providing financial support to Fannie Mae and Freddie Mac to enable them to continue to provide liquidity and stability to the mortgage market.

No provision of any law permits a private individual, such as the Plaintiff, to sue the FHFA under the circumstances presented in this case. Title 12, Section 4513(c)(2) of the United States Code provides that the Director of the FHFA is subject to suit by <u>regulated entities only</u> and only for non-monetary relief, unless otherwise provided by law. Plaintiff is not a regulated entity, as that term is defined at 12 U.S.C. § 4502(20), and she is clearly seeking compensatory and punitive damages in this lawsuit, which are expressly forbidden. Not only may Plaintiff not sue the FHFA for money damages, injunctive relief is foreclosed as well. Title 12, Section 4617(f) of the United States Code provides that <u>no court</u> may take <u>any</u> action to restrain or affect the exercise of powers or functions of the FHFA as a conservator or a receiver. Thus, the statute provides that any purported suit for an injunction forcing the FHFA to exercise its powers or functions as the conservator of Fannie Mae or Freddie Mac is doomed from the start.

No statutory provision related to the FHFA provided by the Plaintiff in her Complaint (nor researched by this Court) even tangentially speaks about a private cause of action for a private citizen against the FHFA. This is important because "[w]hen a federal agency is named as the defendant in an action, the general rule is that the agency may be sued only if Congress has consented to the action, and the Government's waiver of sovereign immunity must be expressed unequivocally in a statute." § 3655 Actions Against Federal Agencies and Officers, 14 Fed. Prac. & Proc. Juris. § 3655 (4th ed.). It is the Plaintiff's burden to show such waiver and the Plaintiff has not done so.

Plaintiff is intelligent and understands that no source she has offered contains an express provision allowing her to sue the FHFA, so she attempts to rely on the Administrative Procedures Act, 5 U.S.C. § 706, *et. seq.* (the "APA"), for Count I. "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). The APA precludes broad programmatic attacks. *Id.* "General deficiencies in compliance ... lack the specificity requisite for agency action." *Id.* at 66. Plaintiff cites 12 U.S.C. § 4501 as a source of the FHFA's affirmative duties with which it must comply but that section is nothing more than congressional findings that support the enactment of the statute;[1] it does not contain specific tasks or directives that the agency must undertake or follow.

---

[1] Plaintiff also cites 15 U.S.C. §§ 45 and 56, but those statutes apply to the Federal Trade Commission, not the FHFA. They have no application here.

Furthermore, Plaintiff does not identify any actual discrete agency action that the FHFA allegedly took against her anywhere in her Complaint. Instead, she argues that the FHFA failed to investigate her complaint about Freddie Mac/Fannie Mae and this was a violation of the FHFA's general duty to protect the public. Not following the agency's general duty is not the type of action that will sustain a citizen suit against a federal agency. A plaintiff must allege the government actor violated a specific directive found in a statute. In other words, the plaintiff must identify in her complaint a precise action or failure to act that is specifically required by law. *Norton*, 542 U.S. at 64. There are no allegations that satisfy this requirement in the Complaint. Therefore, Plaintiff has no likelihood of succeeding on this claim.

**Counts II, III and IV**

As for Counts II through IV of the Complaint, Plaintiff's claims are equally deficient. In Count II, Plaintiff alleges that the FHFA ignored Fannie Mae's fraudulent foreclosure of her property and thus committed a tort against her. (Doc. 1 at 22). She claims in Counts III and IV that the FHFA committed fraud against her under various acts and regulations. All three of these claims are actually tort claims of fraud that are only potentially actionable against the Government through the Federal Tort Claims Act (the "FTCA").[2]

As an initial matter, several cases hold that when the FHFA steps into its role as the conservator of Freddie Mac or Fannie Mae, the agency acts as a private

---

[2] Plaintiff does not specifically invoke the FTCA in Counts III and IV but it is clear from the substance of her allegations that these are tort claims of fraud.

corporation and not a government actor and an FTCA claim cannot be maintained against it. *See, e.g., Dias v. Fed. Nat. Mortgage Ass'n*, 990 F. Supp. 2d 1042, 1061-62 (D. Haw. 2013). One cannot plausibly maintain a tort claim under the FTCA against an entity for actions taken in a non-governmental role. But even if Plaintiff can overcome this hurdle, more hurdles remain.

The FTCA waives the United States' sovereign immunity for damages "caused by the negligent or wrongful act or omission" of federal employees acting within the scope of their employment where the United States, "if a private person," would have been liable to the plaintiff under state law. 28 U.S.C. § 1346(b). The waiver of sovereign immunity is not absolute, as Congress has excluded certain claims from the FTCA such as "[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government ..." 28 U.S.C. § 2680(a). This subsection, known as the discretionary function exception, protects the United States from liability when an activity is properly "classified as an exercise of discretion," even if the government employee abuses his discretion. *Collins v. United States*, 564 F.3d 833, 839 (7th Cir. 2009).

The exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." *United States v. Varig Airlines*, 467 U.S. 797, 808 (1984). Its purpose is to "prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic,

8

and political policy through the medium of an action in tort." *United States v. Gaubert*, 499 U.S. 315, 322–23 (1991).

For conduct to qualify for the discretionary function exception, it must meet two criteria. First, the conduct must involve "an element of judgment or choice." *Berkovitz v. United States*, 486 U.S. 531, 536 (1988). Conduct that is specifically proscribed by "federal statute, regulation, or policy" is not conduct that involves an element of judgment or choice because "the employee has no rightful option but to adhere to the directive." *Id*. Second, the conduct must be "susceptible to policy analysis." *Gaubert*, 499 U.S. at 325. If certain action is discretionary, a Plaintiff "must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in … policy." *Id*. at 324–25.

Plaintiff has not made any allegations that the FHFA engaged in specific conduct proscribed by "federal statute, regulation, or policy." She attached to her Complaint correspondence with the FHFA that shows she submitted a complaint to the FHFA's Office of the Inspector General ("OIG") regarding the alleged fraudulent transfer of her property via the Fannie Mae instituted foreclosure. (Doc. 1-3). The OIG investigated her complaint and in its discretion concluded that the complaint was unfounded. (Doc. 1-3). So first, Plaintiff can hardly credibly claim the FHFA ignored her complaint and did nothing. Second, Plaintiff has not alleged anything in her Complaint that remotely conveys that the investigation of her complaint and the result were not within the sound discretion of the FHFA. Thus, her claim is barred by the discretionary function exception to the FTCA.

Plaintiff's fraud claims in Counts II, III and IV are also barred by another exception to FTCA liability found at 28 U.S.C. § 2860(h). That provision disallows FTCA claims predicated on libel, slander, misrepresentation, deceit, or interference with contract rights, and other intentional torts not applicable here. Fraud claims are barred by the FTCA's statutory exception for acts or omissions involving misrepresentation and deceit. *Omegbu v. United States*, 475 F. App'x 628, 629 (7th Cir. 2012). Thus, the applicable statutory law demonstrates Plaintiff's claims have no merit and cannot serve as a basis for monetary or injunctive relief.

**Counts V, VI, and VIII: Purported State Law Claims**

Count V contains a claim of intentional infliction of emotional distress. Count VI contains a claim of slander of title and Count VII contains a claim of unjust enrichment with a request to quiet title. Although these claims arise under Illinois state law, they are torts and are only potentially actionable against the FHFA through the Federal Torts Claims Act. Section 1346, Title 28 of the United States Code provides in relevant part that the "district courts... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Thus, this is not a situation where the Court can decline to exercise supplemental jurisdiction provided by 28 U.S.C. § 1367 over

10

state law claims. Instead, the Court will adjudicate the claims as they are only actionable against the FHFA under the FTCA. Unfortunately for Plaintiff, these claims are also without merit or not otherwise actionable in this Court.

Plaintiff's intentional infliction of emotional distress ("IIED") claim and unjust enrichment claim, Counts V and VII, are based on Defendant's alleged fraudulent conduct discussed in other Counts. (Doc. 1 at 25-27). As such, they clearly arise out of several of the torts listed in 28 U.S.C. § 2680(h)—misrepresentation, deceit, or interference with contract rights. Since her IIED and unjust enrichment claims arise out of tortious conduct exempted from redress under the FTCA, her IIED and unjust enrichment claims are similarly not redressable and therefore not actionable before this Court.

The same is true for Count VI, which alleges slander of title. In Illinois, the "act of maliciously recording a document which casts a cloud upon another's title to real estate is actionable as slander of title." *Whildin v. Kovacs*, 403 N.E.2d 694, 695 (1980). It is an intentional tort. *Id*. Again, the FTCA expressly disallows claims against the United States predicated on libel, slander, misrepresentation, deceit, or interference with contract rights. As such Plaintiff's slander of title claim is foreclosed and is without merit.

The Court has been notified that the property at the heart of this matter has recently been sold to a third party. The Court expresses its sympathy for the Plaintiff. However, it is clear that suing the FHFA under the theories presented in the Complaint was not an appropriate method to forestall the sale of the property.

11

## CONCLUSION

Plaintiff's Motion for Application for Temporary Restraining Order and Preliminary Injunction (Doc. 4) is DENIED. Defendant's Motion to Dismiss (Doc. 8) is GRANTED. Generally, the Court will allow a pro se plaintiff an opportunity to cure the defects in her complaint. However, in this situation, given the nature of the claims, the legal status of the Defendant, and the Plaintiff's history of meritless litigation,[3] no leave to amend the complaint will be extended. Therefore, the Complaint (Doc. 1) is dismissed with prejudice. CASE TERMINATED.

IT IS SO ORDERED.

Entered this 8th day of July, 2016.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge

---

[3] Plaintiff has brought three other meritless federal actions alleging fraud surrounding the foreclosure of the property at issue in this action. (*See Isaacs v. Royal Bank of Canada et. al.*, No. 14-cv-1036 (C.D. Ill., J. McDade); *Isaacs v. Royal Bank of Canada et. al.*, No. 14-cv-1138, (C.D. Ill., J. Shadid); *Kimbrell v. Federal National Mortgage Association et. al.*, No. 15-cv-1218, (C.D. Ill., J. Darrow).